No. 39,915

THE CITY OF ARKANSAS CITY, KANSAS, A Municipal Corporation, *Appellee,* v. THE RANNEY-DAVIS MERCANTILE COMPANY, A Corporation, *Appellant,* and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COWLEY, STATE OF KANSAS, *Appellee.*

(294 P. 2d 262)

Opinion filed February 29, 1956.

*A. M. Dean,* of Arkansas City, was on the briefs for the appellant.

*Donald Hickman,* of Arkansas City, was on the briefs for appellee The City of Arkansas City; *Harold R. Fatzer,* attorney general, *W. R. Mathews,* county attorney, and *George E. Sybrant,* deputy county attorney, were on the briefs for appellee The Board of County Commissioners of Cowley County.

The opinion of the court was delivered by

SMITH, J.: This is a declaratory judgment action. The city plaintiff seeks a declaration of the liability of the defendant corporation for taxes on real estate. The demurrer of the corporate defendant leveled at the petition and the answer of a co-defendant was overruled. The corporation has appealed.

The petition alleged the action was brought by the city against the defendant board of county commissioners and the corporation;

that an actual controversy existed between the plaintiff and two defendants as to tax liability on certain real estate; that on December 10, 1949, the corporation conveyed to the city certain lots; that the warranty deed contained usual warranty of title; that at the time G. S. 1949, 79-1804, and 79-1805, provided that all taxes should be due on November 1st of each year; that in the event real estate should be acquired on or after the first day of March in any year by purchase and where there was no express agreement as to whether the grantor or grantee should pay the taxes thereon, then if such property were acquired and used exclusively for state, county, municipal, literary, educational, scientific or benevolent purposes, the grantor should pay the taxes; that the statute further provided that when such property was so conveyed the taxes should become due immediately upon such property and a lien for such taxes should attach to all such real estate prior to its being conveyed or acquired and these taxes should be computed upon the basis of the levy for the year last preceding in which such property was so conveyed or acquired; that the county clerk should immediately compute such taxes and certify them to the county treasurer, who should proceed to collect them as provided by law; that the taxes on the real estate were so computed for 1949, in the amount of $369.50.

The petition then alleged that on application the state tax commission abated the taxes on the real estate in question for 1950 but refused to abate them for 1949 on account of the above facts; that the plaintiff had demanded the payment of the taxes in question from the defendant company and such company unlawfully refused to pay them; that following the acquisition of the property in question the city erected an armory thereon; that defendant board of county commissioners maintained that the unpaid taxes were a lien upon the real estate in question and that it might lawfully sell it at a tax foreclosure sale; that by reason of such facts and circumstances an actual controversy existed between the plaintiff and the defendant board of county commissioners and by reason thereof the plaintiff was subjected to uncertainty and was apt to be subjected to the expense of litigation. The prayer asked the court to determine whether the corporation defendant had violated the covenants of said warranty deed in which it had conveyed the land in the city in that it had failed to pay taxes for the year 1949 and that it order such defendant to pay those taxes and pen-

alties and that it find and determine that the unpaid taxes and penalties did not constitute a lien upon the real estate and determine that the plaintiff city was not responsible for the payment of those taxes and as municipally owned real estate it was not subject to foreclosure sale and the board of county commissioners was without lawful right to foreclose upon such real estate and if the court should determine that plaintiff was not entitled to any one or more of those prayers for relief then the court should give it such relief as it was entitled to.

The order of the tax commission abating the taxes for the year 1950 and correspondence between the city and the corporate defendant with relation to these taxes was attached.

The board of county commissioners answered admitting first there was an actual controversy between all the parties; admitted the public record as to the dates of the deed and the transfer of the property and stated there was a lien on the real estate for taxes for the year 1949, with interest and penalties. The board further answered that G. S. 1949, 79-1804 and 79-1805 stated the day on which all taxes should be due, the party who shall pay, and made provision for a lien to attach to such real estate prior to its being conveyed or acquired should the taxes not be paid prior to the transfer and that by reason thereof the board was entitled to have judgment against the corporation defendant for taxes, interest and penalties in the amount of $541.46.

The prayer of the board was that the city plaintiff take nothing adverse to the interest of that defendant board and further that the court adjudicate the rights and interest of the parties and allow the board of county commissioners judgment against the corporation or if the court should find that that section was not controlling, then grant the board of county commissioners a lien against the property.

The corporate defendant, The Ranney-Davis Mercantile Company, demurred to the petition and to the answer of the board of county commissioners. This demurrer was overruled. Hence this appeal.

The specification of error is that the court erred in overruling appellant's demurrer respectively to the plaintiff's petition and to the answer of the defendant board of county commissioners. The appellant makes various technical arguments as to whether or not this case is a proper one to be settled by the declaratory judgment action.

The statute in question, G. S. 1949, 60-3132, contained the following provisions:

"This act is declared to be remedial; its purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor; and it is to be liberally interpreted and administered, with a view to making the courts more serviceable to the people."

The city and the county are confronted with a problem as to the collection of taxes for 1949 upon this property. The petition sets out such a question for determination. The county is confronted with the problem of whether it has the power to collect taxes by selling the property, that is, the property of the city, and upon which the city has constructed buildings for municipal use.

The general demurrer to the petition admitted all facts well pleaded. The company defendant makes only technical arguments as to the form of the remedy. The deed in this case was delivered after March 1, 1949, that is, on December 10th of that year. There was no express agreement as to who should pay the taxes and the land is used exclusively for state and municipal purposes, that is, an armory.

G. S. 1949, 79-1805, provides as follows:

"As between grantor and grantee of any land, where there is no express agreement as to which shall pay the taxes that may be assessed thereon, if such land is conveyed on or after the first day of March and before the first day of November, then the grantee shall pay the same, if conveyed on or after the first day of November and before the first day of the next ensuing March, then the grantor shall pay them: Provided, That in the event the real estate shall be acquired on or after the first day of March in any year by the United States by purchase, condemnation or otherwise or shall be acquired and used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent or charitable purposes, then the grantor shall pay the taxes as provided in section 1 (79-1804) of this act. (R. S. 1923, § 79-1805; L. 1949, ch. 467, § 2; April 15.)"

The allegations of the petition set out bring the case within the provisions of the above section. Under the provisions of the above statute the Ranney-Davis Mercantile Company is held liable for the taxes for 1949 on this property.

The judgment of the district court overruling the demurrer to the petition is affirmed with directions to proceed in conformance with the views expressed in this opinion.

HARVEY, C. J., not participating.